MAX MORGANSTERN et al., complainants-appellants,

*v.*

AMERICAN MALTING COMPANY, defendant-respondent.

[Submitted November Term, 1916.     Decided March 5th, 1917.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Stevenson.

*Messrs. Runyon & Autenreith,* for the appellant.

*Messrs. Treacy & Milton,* for the respondents.

PER CURIAM.

The complainants in this case seek by their bill to have annulled a resolution adopted by the stockholders of the defendant corporation reducing its capital stock; and, further, a decree

restraining the corporation from carrying the resolution into execution. The suit is not brought in the right of the corporation, nor for the benefit of all the stockholders thereof who should come in and join in its prosecution, but solely for the protection of the individual rights of the several complainants.

The capital of the company at the time of the adoption of the resolution was $28,940,000, divided into one hundred and forty-four thousand four hundred shares of preferred stock and one hundred and forty-five thousand shares of common stock. The complainants are the holders of nine hundred shares of the latter. The resolution brought under scrutiny provided for the reduction of the authorized capital to $15,000,000, and for the purpose of accomplishing that result cut down the preferred stock to ninety thousand shares, and the common to sixty thousand shares. At the meeting of the stockholders about ninety-eight per cent. of the holders of the preferred stock, and ninety-seven per cent. of the holders of the common stock voted in favor of the resolution.

The principal ground of objection made by the complainants to the proposed reduction was that by it the control of the company is transferred from the holders of the common stock to the holders of the preferred. But as the right of each of the stockholders, whether preferred or common, is the same, so far as the voting power of their holdings is concerned, the real injury to the complainants would seem to be that by putting the proposed scheme into execution they would receive less than their proportionate share of the whole issue of the stock. The defendant company, conceding for the purposes of the suit, that under the resolution the complainants would not receive their full proportion of the proposed new issue, offered at the hearing of the case to turn over to them so much of the new issue as would make their proportionate share thereof equal to their proportionate share of the old issue. The learned vice-chancellor, considering that this was all to which the complainants were entitled, advised an order that if the defendant's offer should be carried out by it within a time to be specified in the order, and if the defendant would also give to the complainants a bond conditioned to save them harmless from any and all claims, demands

or damages by reason of any assessment on the additional shares of the stock, to be delivered in compliance with the offer, by reason of the non-payment in full of the par value thereof according to law, the order theretofore made, requiring the defendant company to show cause why the relief sought by the complainants should not be granted, be discharged.

The complainants now appeal from the order made by the chancellor as thus advised.

We concur in the view of the learned vice-chancellor that the offer made by the defendant company at the hearing gives to the complainants everything to which they are entitled as stockholders suing in their own right, when taken in connection with the requirement that an indemnity bond shall be given to them with the condition provided in the order. The effect of that order upon the rights of other stockholders is a matter with which this court is not now concerned, as they are not present in court, except so far as the defendant company represents their interests; and, of course, if the proposed action of the corporation is hostile to the interests of other stockholders, then they have not had their day in court.

The defendant is entitled to costs in this court. The matter of costs and counsel fees in the court of chancery was held in abeyance by that court and should be settled therein.

The order under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS—10.

*For reversal*—BERGEN, WHITE, GARDNER—3.